UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

IN RE:                                              Case No.: 13-12120
LEVEL III TRADING PARTNERS, LP
   Debtor                                        Chapter 11

                                                         Judge Magner

MEMORANDUM IN OPPOSITION
TO DEBTOR'S MOTION TO BAR TESTIMONY
AND IN SUPPORT OF MOTION TO APPOINT TRUSTEE

MAY IT PLEASE THE COURT: through undersigned counsel, come the following creditors: Dr. Gregory Charles Sampognaro, Connie Harter Sampognaro, Charlotte Collins Meade, Shannon Lee Catchings Collins, Kenneth Alexander McAshan and his minor son, Samanth S. Tullis McAshan, William A. Crutcher McAshan, and Kenneth Hudson F. McAshan, and aver as that good cause exists to appoint a trustee pursuant to 11. U.S.C. § 1104 for the following reasons, to wit:

I. Legal Standard for Appointing Trustee

Section 1104(a)(1) provides that a trustee may be appointed "for cause, including fraud, dishonesty, incompetence, or gross mismanagement of the affairs of the debtor by current management either before or after the commencement of the case...." and (2) under section 1104(a)(2), "if such appointment is in the interests of creditors, any equity security holders, and other interests of the estate." Appointing a chapter 11 trustee requires the exercise of discretionary powers, and the weighing of equitable consideration. Therefore, it is a decision that must be rendered on a case-by-case basis after the examination of all the facts available to the court at the time of hearing. *In re New Orleans Paddlewheels, Inc.,* 350 B.R. 667 (Bkrtcy. E.D. La. 2006), *Petit v New England Mortg. Services, Inc.,* 182 B.R. 64 (D.Me. 1995). In making this

determination the court may consider the trustworthiness of the debtor balanced against the costs of the appointment. *Matter of Cajun Elec. Power Co-op., Inc.,* 74 F.3d 599 (5th Cir. 1996), *In re Ionosphere Clubs, Inc.* 113 B.R. 164 (Bkrtcy. S.D.N.Y. 1990).

    II. The Evidence Supports Appointing A Trustee

        A. Current Management Engaged In Fraud or Dishonesty Before the Commencement of This Case

Moving creditors incorporate to this memorandum by reference the complaint filed by the National Futures Association ("NFA") against the current management of the debtor, Bruce Gwyn, which was attached to the Motion to Appoint Trustee. That complaint was filed as a result of an extensive investigation into the affairs of the debtor and its current management, Mr. Gwyn. At the trial of this motion, moving creditors will present witnesses from the NFA to corroborate the allegations of the NFA complaint, and to provide further detail of the conduct complained of therein. In the event that the court finds these witnesses credible, and the complaint of the NFA is verified, then moving creditors should be considered to have carried their burden on proof, and a trustee should be appointed.

Everything the NFA may testify about is directly relevant to the Section 1104(a) inquiry in this case. The debtor's argument that the NFA complaint is "irrelevant" is completely unsupported by any fact or legal authority. Because the NFA complaint raises questions that directly inform whether Mr. Gwyn has engaged in fraud or dishonesty, the testimony of first hand knowledge of the contents of the NFA's allegations is relevant, and will be extremely helpful to the court's decision in this motion. The debtor asserts that the contents of the NFA complaint are "mere allegations and nothing more." Counsel for the NFA and certified fraud examiners employed by the NFA have arranged to travel from Chicago to appear in court on the

hearing of this motion, and their testimony will show that the contents of the complaint are far more than mere allegations.

The debtor complains that it has not had an opportunity to conduct discovery or take depositions, however Mr. Gwyn and Level III have been defendants in the NFA regulatory action since June of 2013. Since then, Mr. Gwyn has had counsel in Chicago defending the NFA complaint, and has had four months--ample time--to conduct discovery with regard to the details of the allegations against them.

At the hearing of this motion, the testimony of the NFA will show that Mr. Gwyn engaged in numerous transactions with the fund for his personal benefit, which is detailed extensively in the NFA complaint. Those transactions were not disclosed on the debtor's filed Statement of Financial Affairs. The existence of the NFA administrative proceeding was likewise not disclosed on the Statement of Financial Affairs, which was signed and sworn to by Mr. Gwyn, submitted to under penalty of perjury. At the hearing of this matter, moving creditors will show that Mr. Gwyn had actual knowledge of the NFA investigation, and actual knowledge of numerous insider transfers and other transfers made outside the debtors' ordinary course of business. That Mr. Gwyn did not make these disclosures to the court is further evidence that he is unfit to manage the debtor in this case, and that he would prefer the court know nothing of the contents of the NFA action.

### B. Appointing a Trustee is in the Best Interest of Creditors

All of the creditors in this case want a trustee to be appointed. It is only the debtor that opposes this motion. The moving creditors suggest that the debtor is seeking to avoid the discovery and prosecution of causes of action that the estate may have against Mr. Gwyn by virtue of the self-interested or fraudulent transactions that he may have engaged in as described

in the NFA complaint. In the event that the testimony of the NFA, and of other witnesses presented at the hearing of this case, reveal the likelihood that the estate will have causes of action against Mr. Gwyn, then such should be sufficient to show that the moving creditors have met their burden of prove that the benefits of a trustee outweigh the costs. In other words, a trustee would be ultimately less expensive to the creditors than leaving Mr. Gwyn in charge. As this court wrote in its opinion in *In re New Orleans Paddlewheels, Inc:* "Because the trustee will be in a position to pursue claims debtor's management shows no inclination to pursue, the recovery of the estate may well be increased." *In re New Orleans Paddlewheels, Inc.,* at 693.

The NFA will be able to testify to facts that will show that the debtor has causes of action against Mr. Gwyn that may accrue to the benefit of the creditors. This testimony, therefore, directly informs the question of whether Mr. Gwyn remaining in management is in the best interest of the creditors, and is therefore relevant.

It is also important to note that because the debtor has no ongoing business, there will be no disruption to operations that would otherwise be a cost of appointing a trustee.  The debtor's only argument in support of remaining in possession is that Mr. Gwyn is in a better position to sell the assets of the estate than an outsider. The debtor offers no proof for this proposition. However, if Mr. Gwyn truly wants to maximize benefits for the debtor, he could act as a consultant to a trustee in order for maximum value to be derived for the estate.

III. Conclusion

The evidence will show that Mr. Gwyn has engaged in dishonest conduct or actual fraud, and therefore good cause exists to appoint a trustee under section 1104(a)(1). Further, it is in the best interest of the creditors and the estate that a trustee be appointed, because the benefits a trustee outweigh the cost: a trustee will be more likely to increase the value of the estate by pursuing claims against third parties--including against the current management; there will be no costs associated with disrupting an ongoing business; and a trustee would not necessarily be in any worse of a position to maximize the value of the assets than the current management.

WHEREFORE, moving creditors pray for an order granting their Motion to Appoint Trustee.

RESEPCTFULLY SUBMITTED:

**Young & Cotter, L.L.C.**

*/s/Adam G. Young*, 30124
315 South College Road, Suite 163
Lafayette, Louisiana 70503
337-261-8800
337-234-3133 (fax)
adam@youngcotter.com

Attorney for moving creditors

**CERTIFICATE OF SERVICE**

Undersigned counsel has served a copy of this motion on the debtor by email, U.S. Mail, and via the Court's ECF system on October 31st, 2013
/s/ Adam G. Young