**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| IN RE: | Case No.: 13-12120 |
| LEVEL III TRADING PARTNERS, LP | |
|   Debtor | Chapter 11 |
| | Judge Magner |

## SEOND AMENDED OMNIBUS OBJECTION TO CLAIMS

Now into court comes Patrick C. Cotter, Trustee, and pursuant to F.R.B.P. 3007 and F.R.B.P. 9014, and in response to the Opposition filed by Robert and Lori Schroeder, submits the following Second Amended Omnibus Objection. **Claimants receiving this objection should locate their names and claims in Exhibit A.**

1.

The Chapter 11 Plan creating the Litigation Trust herein was confirmed by final order dated July 11, 2014 [Doc. No. 221.] This is a core matter, and the court has continuing jurisdiction of this matter pursuant to the terms of the confirmed Plan, and pursuant to 11 U.S.C.A. §§ 542, 1123(b)(3).

2.

The confirmed Chapter 11 Plan vests the Trustee herein with standing and responsibility to object to claims on behalf of the estate.

3.

An Omnibus Objection is appropriate herein, pursuant to F.R.B.P. 3007(d) and (e), because all the objections joined herein object to claims filed by the same entity, which were presented in a form that does not comply with applicable rules, and the Trustee is unable to determine the validity of the claim because of the noncompliance.

4.

On July 1st, 2014, the Debtor, filed the ten proofs of claim, numbered 14 through 23. All proofs of claim were filed on behalf of the following investors in the debtor limited partnership: Robert & Lori Schroder, Anne Partridge IRA, James A. Ghio, Jennifer Jung, John McManus & Rhonda Rossi, John Richard Acland, Bruce A. Gywn, Robert B. McManus, Barry A. Breeland IRA, The Christopher Dunworth McMahon Trust, William Gwyn, identified further in Exhibit "A" hereto. None of the proofs of claim attach any evidence or writing to support the claim. For each claim, the basis of the claim is only identified as "unpaid redemption of fund subscription."

5.

On September 3rd, 2014, the Trustee filed the original Omnibus Objection to Claims based on the following facts:

> There is no indication based on the voluminous records and materials in the possession of the Trustee, and obtained through discovery by the creditors in this case, that any of the claimants in claims number 14 through 23 redeemed their fund subscriptions prepetition. There is no evidence attached to the proofs of claim that would show that the claimants redeemed their fund subscriptions prepetition. Therefore, the claim does not set forth anything to support a prepetition right to be paid.[1]

And:

> The proofs of claim do not conform to F.R.B.P. 3001(c), in so far as no writings supporting the claims have been filed with the claim.[2]

6.

On October 14th, 2014, Robert and Lori Schroeder filed the Opposition to Omnibus Objections to Claims, and averred that they were claim holders within the meaning of 11 U.S.C. § 101(5). The Trustee admits the validity of all points made in the Opposition. Moreover, the

---

[1] Trustee's original Omnibus Objection to Claims, Docket No. 226.
[2] *Id.*

2

debtor's financial documents and other materials made available to the Trustee make it clear that all of the claims subject to the Omnibus Objections are valid claims within the meaning of 11 U.S.C. § 101(5). Therefore, the Trustee now makes this Amended Omnibus Objection for the purpose of narrowing the omnibus objection and providing more detail as to the basis of the objection.

7.

The purpose of this Amended Omnibus Objection is not to totally invalidate claims 14 through 23. Rather, the Trustee only seeks to have such claims recognized as deriving from each claimant's position as limited partners of the debtor on the date of the Involuntary Petition and Order for Relief. Each of these claims purports to derive from "unpaid redemption of fund subscription." If such were true, then all of the limited partners of the debtor would have withdrawn before the initiation of this bankruptcy proceeding, and leaving only the general partner as the remaining equity holder. However, there is absolutely no evidence to support this proposition. The Trustee is in possession of a full audit of the debtor through the date of the involuntary petition, and all of the supporting documentation relied upon to produce that audit. Nowhere in these materials are any items that support the contention that the claim holders subject to this Amended Omnibus Objection derive their claim from unpaid fund subscription redemptions, pursuant to the Private Placement Memorandum, which is attached as Exhibit "B" to this Amended Omnibus Objection.

8.

The Limited Partnership Agreements requires limited partners to notify the partnership of their withdrawal by thirty days written notice.[3] The debtor—the party filing the claims—has not produced any such written notice of withdrawals. Trustee submits that neither the debtor, nor other claim holders, can come forward with any evidence to show that they withdrew from the limited partnership before the involuntary petition was filed on August 3rd, 2013.

9.

For the foregoing reasons, the claimholders subject to this Amended Omnibus Objection should be recognized as claim holders by virtue of their position as equity security holders of the debtor, rather than as withdrawn or former limited partners whom have not been paid the value of their fund subscriptions, nor otherwise paid pursuant to the Private Placement Memorandum.

WHEREFORE, the Trustee prays that this Amended Omnibus Objection to Claims be sustained, to the extent that the objection is to the nature of the claims subject hereto, and not to the existence of the claims as claims, nor their amounts. And wherefore, the Trustee prays for an order sustaining the objection an recognizing the claims subject to this Amended Omnibus Objection to Claims as being derived from the claimants' status as limited partners of the debtor.

RESPECTFULLY SUBMITTED,

/s/ Patrick C. Cotter, 33075
Trustee
Level III Trading Partners, L.P. Litigation Trust
315 South College Road, Suite 163
Lafayette, Louisiana 70503
337-261-8800
con@youngcotter.com

---

[3] *Private Placement Memorandum, Exhibit "A"* "Beginning 90 days from the date a Limited Partner is admitted into the Partnership, such Limited Partner shall have the right to withdraw, in whole or in part, his closing capital account at the end of each calendar quarter (or at such other times as the General Partner shall determine) by giving not less than 30 days prior written notice to the General Partner.